945 F.2d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel K. EDWARDS, Plaintiff-Appellant,
v.
INTERWEST BANK OF MONTANA, Defendant-Appellee.
 No. 91-35072.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 9, 1991.
Decided Sept. 25, 1991.
 
 Before EUGENE A. WRIGHT, FARRIS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We do not rehash the facts of this dispute because they are fully known to the parties. Instead, we go directly to the heart of the matter: Did the defined contribution pension plan's administrator exceed his authority and discretion under the language of the plan by interpreting section 4.3(k) to exclude Edwards from receiving allocations for the fiscal year in which he was fired and by failing to give him his due pursuant to section 6.4(a).
 
 
 3
 * Section 4.3(k) by its plain language refers to employees "who terminated employment during the plan year for reasons other than death, total and permanent disability or retirement...." The bank argues that this language includes employees such as Edwards who were terminated, i.e., fired, as well as to those who merely quit voluntarily. We disagree. There is a vast difference between "terminating" on one hand, and "being terminated" on the other. The plain language of this section simply does not permit the administrator's sweeping interpretation of it under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989) or otherwise. Edwards did not "terminate" employment, he did not quit, he was fired; and therefore section 4.3(k) does not control his right to the disputed allocations.
 
 
 4
 Thus, Edwards was entitled to the benefits of sections 6.4(a), 4.3(c), and 4.3(n). If his account was not segregated into a "separate, federally insured savings account, certificate of deposit, common or collective trust fund of a bank or a deferred annuity," which it was not, then it must have been "retained in a separate account for the Terminated Participant and share in allocations per section 4.3(c) until such time as a distribution is made to the Terminated Participant." In this respect, the record demonstrates that Edwards was entitled to $23,155.77 as of June 30, 1986 plus interest therein at the legal rate from July 1, 1986, and he is entitled as a matter of law to summary judgment in that amount.
 
 II
 
 5
 29 U.S.C. § 1132(c) permits a court in its discretion to hold a plan administrator personally liable in an amount up to $100 per day for each day of failure or refusal to provide information as required by 29 U.S.C. 1024(b)(4). We have examined the record in this connection and inquired about this issue of the parties at oral argument. Because Edwards can show no damages from the administrator's failure to provide information, and because he had substantial information in his possession about their plan, the court's discretion shall be exercised to deny any penalties in this case.
 
 III
 
 6
 29 U.S.C. § 1132(g)(1) permits a court in its discretion to award a reasonable attorney fee and costs of an action such as this to either party. Under our holding today, Edwards may qualify for such an award. Whether he is so entitled, and if so in what amounts, are matters best determined on remand by the district court.
 
 
 7
 REVERSED and REMANDED for proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3